## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

Mr. Zach Sabus

       Plaintiff,

v.                                                                       Case No. CIV-21-846-J

Pawnee County Board of County
Commissioners; and

Pawnee County Sheriff's Office; and            **JURY TRIAL DEMANDED**
Sheriff Mike Waters, In His Individual
Capacity; and

Deputy Sheriff Jim Meeks, In His
Individual Capacity; and

Others as-yet known,

       Defendants.


## COMPLAINT

COME NOW, the plaintiff, Mr. Zach Sabus, by and through counsel of record, Mr.
John Boozer, and for this cause of action against the above named defendants, Pawnee
County Board of Commissioners, Pawnee County Sheriff's Office; Sheriff Mike Waters ,
In his individual capacity;   Deputy Sheriff Jim Meeks, in his individual capacity; and
Others as-yet unknown hereby alleges and complains for judgement pursuant to 42 USC
1983 and 1985, and pendant state law claims arising out of his unlawful arrest and detention
on account of the plaintiff's sexual orientation.

1

**Introduction**

1.      This action is brought pursuant to 42 USC § 1983 and 1985 enacted to redress the depravation of Plaintiffs rights under color of State Law; and under the Oklahoma Governmental Torts Claims Act 51 O.S. § 151, *et seq.*

2.      This court has jurisdiction of the action pursuant to 28 USC § 1331 and 1343.

3.      Venue is proper under 28 USC § 1391(b)(2) because a the plaintiff's arrest is a substantial part of the events giving rise to this claim and occurred in Payne County, State of Oklahoma in this Judicial District.

4.      The events complained of are a continuous course of action conducted under color of state law from February 2020 through May 2020.

5.      In order of occurrence: false arrest, material misrepresentations or outright lies to obtain a search warrant, illegal search, incarceration, and continuous misrepresentation and defamation of the plaintiff by the Pawnee County Sheriff Office, Sheriff Mike Waters, Deputy Sheriff Jim Meeks, and others by alleging multiple felonies were committed by the plaintiff and said to have occurred in this jurisdiction.

**Parties**

6.      At all times relevant to this controversy the Plaintiff is and was a resident of Ripley, Payne County, State of Oklahoma.

7.      The Pawnee County Sheriff's Office is and at all times relevant to this controversy, residents of Pawnee County Oklahoma, acting through its County Commissioners which, as governing body, failed to intervene and stop the violations of complained of.

2

8.     Deputy Sheriff Jim Meeks, acted at the direction and under supervision of his supervisors, Pawnee County Sheriff Office, and violated the rights of the plaintiff.

9.     At all times alleged Sheriff Deputy Meeks was acting under the color of law.

10.    Other unknown persons participated or aided and abetted the defendants.

11.    All the individual defendants' acts or omissions described in this complaint constituted State action, were committed under color of law, and were within the scope of employment.

### Factual Allegations

12.    This § 1983 civil rights claim arises out of a culture of discrimination, hatred, and homophobia in the Pawnee County Sheriff's Office and more recently displayed as a continuous act of retaliation against the plaintiff and more than 15 similarly situated men.

13.    All the allegations in this complaint arise from the plaintiff's use of the Grindr application, a dating app marketed towards homosexual men and women at or above the age of eighteen or age of majority if it differs in a given state.

14.    Grindr's terms of service are, in relevant part:

"1. AGE RESTRICTIONS AND SAFETY.

1. NO USE BY UNDERAGE PERSONS. NO PERSONS UNDER THE AGE OF EIGHTEEN (18) YEARS (OR TWENTY-ONE (21) YEARS IN PLACES WHERE EIGHTEEN (18) YEARS IS NOT THE AGE OF MAJORITY) MAY DIRECTLY OR INDIRECTLY VIEW, POSSESS OR OTHERWISE USE THE GRINDR SERVICES.

YOU MUST BE A LEGAL ADULT.  YOU HEREBY REPRESENT AND WARRANT THAT YOU ARE CURRENTLY EIGHTEEN (18) YEARS OF AGE OR

3

OVER (OR TWENTY-ONE (21) YEARS IN PLACES WHERE EIGHTEEN (18) YEARS IS NOT THE AGE OF MAJORITY) AND YOU ARE CAPABLE OF LAWFULLY ENTERING INTO AND PERFORMING ALL THE OBLIGATIONS SET FORTH IN THIS AGREEMENT." [*sic*]

https://www.grindr.com/terms-of-service/

15.     On or about the 3rd of October 2019 the plaintiff "matched" with another male user of the Grindr application and began exchanging messages through the app.

16.     They exchanged messages until February of 2020.

17.     On or about January to February of 2020 Deputy Sheriff Meeks discovered the other individual was a minor of 17 years of age.

18.     On or about January to February of 2020 Deputy Sheriff Meeks became aware of and either obtained, read, or viewed the messages exchanged between the plaintiff and minor individual.

19.     Those messages contained the following exchange, occurring within the first 8 minutes of imitating the conversation (on October 6, 2019 at appx. 1:00 a.m.):

> Sabus:          "are you really 18"
> Individual:     "Maybe why"
> Sabus:          "I don't want to be a pedophile"
> Individual:     "don't worry you won't be".
> Sabus:          "Gud!" [*sic*].

20.     Deputy Sheriff Meeks either viewed and had knowledge of content of those messages or failed to investigate the messages thereby ignoring essential facts within his access or control.

4

21.     Based solely on information contained in those messages Deputy Sheriff Meeks and other Pawnee County Sheriff officers, acting under color of law, arrested Mr. Sabus without a warrant at his residence, in Payne County, on or about February 15, 2020.

22.     On or about February 15, 2020, Deputy Meeks prepared a sworn affidavit for a search warrant of Sabus's phone in which he demonstrated knowledge of specific messages exchanged back in October 2019 and quoted certain messages verbatim, thereby proving the defendants were in possession of and viewed the messages exchanged between Sabus and the minor individual.

23.     Deputy Meeks intentionally, willfully, maliciously, recklessly, or negligently withheld facts that: the minor individual posed as an adult of 18 years old, the Grindr application required individuals to be 18, Sabus asked if the individual was 18, that Sabus did not want to communicate with a minor (or violate the law), and the minor individual twice confirmed that he was 18 years old from the sworn affidavit in order to unlawfully search Sabus's phone.

24.     In his return of service after searching Sabus's phone, Deputy Meeks reorganized messages in non-chronological order, burying the October 6, 2019 messages at the bottom of the return with later messages to hide the unlawful arrest, search, and detention of Mr. Sabus from the Court.

25.     The facts withheld from the Court are relevant to essential elements of the criminal charge and thus vitiated probable cause for arrest, search, or detention of the plaintiff.

26.     The arrest, search, and detention of Mr. Sabus without evidence of his knowledge that the individual was a minor was unreasonable.

27.     Mr. Sabus was unlawfully arrested, detained, searched, and defamed in reports made to news media by the Pawnee Sheriff's Office, Pawnee County, and Deputy Meeks in violation of his First and Fourth Amendment rights under the United States Constitution and Oklahoma law.

28.     Sabus was charged with three felony counts of soliciting sexual conduct with a minor using technology, showing obscene material to a minor, and possession of child pornography on February 19, 2020.

29.     Sabus remained in jail until May 29, 2020, a period of 97 days, before the State of Oklahoma moved to dismiss the charge.

30.     While Sabus was in custody at least 15 other persons were arrested under the same or similar circumstances in an operation named or referred to as "fag sweep" by Deputy Meeks, other unnamed officers, and the Pawnee County Sheriff's Office.

31.     As a consequence of the adverse actions of the defendants, Sabus was publicly labeled as a pedophile in the community, received death threats, his home was broken into and burgled, his truck was stolen, a safe containing $10,000 was stolen, a 44 Magnum pistol was stolen, the transportation business Mr. Sabus was attempting to start was destroyed, and he lost his employment.

32.     Due to the false allegations, negligent misrepresentation, and defamatory communication issued by the defendants in their official capacities, the plaintiff has struggled to find employment and leave his home out of fear.

6

## I)  FIRST AMENDMENT VIOLATION

33.    These claims are brought pursuant to Section 1983 to address abuse of authority under color of State Law.

34.    All of the acts alleged herein against the Defendants and their collaborators, or acting in conspiracy with them or at their behest or direction were begun, to the best understanding of the Plaintiffs, in retaliation for the plaintiff Zach Sabus's sexual orientation as homosexual or LGBTQ member.

35.    The acts of retaliation against the plaintiff for the exercise of his First Amendment rights by written text messages expressing sexual interest and desire (in like kind and exchange) with another male known and believed by the plaintiff to be at least 18 years of age.

36.    The acts of retaliation against the plaintiff for the exercise of his First Amendment rights invaded his privacy of the plaintiff, a married man, exposing his expression of bi-sexuality to public ridicule when he arduously protected and kept private this expression by confining it to the Grindr application.

37.    Under the First & Fourteenth Amendments to the U.S. Constitution, the policies and practices as applied to Enforcement of Arrest Procedures described in this complaint are unconstitutional because they continuously intimidate the exercise of the right of assembly and exercise of right suffrage.

38.    The defendant, Pawnee County Sheriff, Deputy Meeks, and co-conspirators adopted practices and procedures which violate due process, threatened, and injured the plaintiff's right of freedom of expression.

7

39.     In the alternative, when the facts and circumstances of plaintiff Sabus's sexual interests were brought to the Sheriff and persons with supervisory authority, he or they acquiesced and ratified the retaliatory action of his deputies against Sabus, including but not limited to his arrest, search of person, search of property, and publication of false or inaccurate information to third parties or media persons, due to his animus because of the plaintiff's sexual orientation.

40.     Defendants' pattern and practice threaten similarly situated persons and in fact caused the arrest without a warrant on the pretense of probable cause, either recited in recklessly prepared or intentionally falsified affidavits to support these arrests.

41.     The policy and practice of the sheriff constitutes an intentional choice to disregard clear instruction of case law under auspice of qualified immunity for acts which violate and suppress the Plaintiffs' First Amendment rights.

42.     The policies and practices of the sheriff afford his deputies unbridled discretion and do not contain procedural safeguards necessary to protect citizens' exercise of their First Amendment rights against false arrest.

43.     The policies and practices of the sheriff have a substantial chilling effect on the of First Amendment suffrage rights and expression of the Plaintiffs and others not before the court.

44.     As a result, the Defendants' intimidation of the plaintiffs and others similarly situated caused irreparable harm for which there is no adequate remedy at law.

45.     As a legal consequence of the Defendants violation of the Plaintiffs' First and Fourth Amendment rights, the Plaintiffs are entitled to recover reputation damages, business losses and compensation for severe emotional distress and anguish.

## II) DEFENDANTS' ILLEGAL IMPRISONMENT

46.     By and for this cause of action, the plaintiff hereby incorporated herein by reference all foregoing allegations.

47.     The defendants' arrest and incarceration of Sabus was without legal justification. Probable cause was established by recklessly, negligently, or intentionally failing to investigate or disclose relevant facts in sworn affidavits designed to avail the Defendants of the advantage of judicial preference to allow qualified immunity.

48.     Prior to handcuffing Sabus, Deputy Meeks asked is Sabus would answer some questions and if he knew the minor individual, then arrested Sabus when he exited his home but was still standing on his driveway in the curtilage of his home in Payne County, State of Oklahoma.

49.     After detaining Sabus, Deputy Meeks and other unknown officers stated the term "fag sweep" in connection with the arrest of the plaintiff and other similarly situated persons.

50.     The circumstances of the illegal detention, search, and seizure display a practice and procedure of reckless, negligent or an intentional disposition to embarrass and inflict pain upon Sabus and other similar individuals.

51.     The Defendants continued their reckless or intentional conduct, embarrassed and inflicted pain upon the plaintiff by him posting his mug shots and publishing his name on NCIC (National Criminal Information Center).

52.     Pawnee County District Attorney moved to dismiss cases CF –2020 – 37: on May 26, 2020.

53.     The case was dismissed without prejudice with costs to the State.

54.     Hinkle has lost the benefit of his good name, good reputation, an honorable profession as a law enforcement officer, income, life insurance and pension.

55.     Plaintiff Hinkle suffered the losses described hereinbefore because the Sheriff made a practice and policy of encouraging and/or directing his staff to avoid judicial review of their probable cause statements.

56.     As a proximate result the plaintiff suffered financial damage as well as severe emotional distress and anguish.

### III)     FOURTEENTH AMENDMENT VIOLATION UNREASONABLE SEARCH AND SEIZURE AND DUE PROCESS SECTION 1983

57.     Plaintiffs hereby reallege and incorporate all of the foregoing paragraphs of this complaint.

58.     The defendants searched and detained the plaintiff and his property without probable cause.

59.     Although the defendant Sheriff was not present at the time of the plaintiff's arrest, he is liable for establishing or continuing the policy and practice of warrantless

arrests of persons on felony charges absent constitutional safeguards of seeking independent judicial review.

60.    In the alternative, Sheriff approved and ratified the decision of Deputy Meeks to arrest Sabus without probable cause, without disclosing all relevant facts or by withholding the same, and without obtaining an arrest warrant.

61.    Pawnee Sheriff with deliberate indifference, intentionally, or recklessly failed to protect the due process rights of Sabus and others similarly situated persons by establishing a practice and procedure which encouraged his deputies to avoid submitting their probable cause affidavits with information vitiating probable cause.

62.    Pawnee Sheriff and those under his supervision directed and contrived the arrest of Sabus in retaliation for Sabus's sexual orientation by false arrest for 97 days.

63.    Pawnee Sheriff directed and executed the conspiracy to falsely arrest Sabus and others similarly situated in operation "fag sweep" as retaliation for their personal hatred and disregard for others' rights and freedom of sexual orientation.

64.    As a result of these acts of misconduct, Sabus suffered described before.

65.    As a proximate result Plaintiff suffered financial and emotional damage.

66.    The Defendants' actions were willful and wanton, undertaken maliciously,

### III) TORT CLAIMS

67.    Plaintiff hereby realleges and incorporates all the forgoing paragraphs of this complaint.

68.     That Pawnee County Sheriff's Office, Deputy Meeks, and other unnamed individuals, in the cause and scope of their employment, caused Sabus to be falsely arrested on or about February 15, 2020.

69.     That Pawnee County Sheriff and employees of that agency in the cause and scope of their employment did falsely imprison the plaintiff for 97 days until May 28, 2020.

70.     In the alternative, the defendants' retaliation against the plaintiff and at least 15 other similar persons in its operation "fag sweep", together with arrest and incarceration against persons due to their sexual orientation is outrageous and not tolerated in a free society.

71.     The plaintiff was the victim of intentional infliction of emotional distress though the actions and omissions the defendants' operating in the course and scope of their employment.

72.     The actions, conduct, and statements of the defendants exposed Sabus to public hatred, contempt, ridicule, and disgrace.

73.     That the baseless accusations that Sabus committed crimes was highly offensive.

74.     That Sheriff and his employees knew or should have known that the public disclosure of allegations was false and placed Sabus in a false light, or they had a serious doubt whether the statements were true or false.

75.     That Sheriff Deputy Meeks in his individual capacity deprived the plaintiff of his civil rights.

76.     That the tortuous conduct of Sheriff Deputy Meeks, Sabus caused economic loss, and emotional distress in the excess of $75,000.

77.     That on or about November 27, 2020, notice hereof was given to the defendants in accord with Oklahoma law.

78.     That the Pawnee County Board of County Commissions failed to approve the claim within 90 days of its submission and in fact misplaced the claim until April of 2020.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff, Mr. Zach Sabus, prays that this Court enter judgment in his favor against all defendants for compensatory damages, costs, and attorney fees, as well as punitive damages against all of the defendant officers in their individual capacities, together with any other relief that this court deems just and appropriate including an order.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated this 26 day of August 2020.

Respectfully Submitted,

s/John Boozer
John Boozer, OBA No. 30992
John Boozer Attorney at Law
800 North Oklahoma, Suite 1245
Oklahoma City, OK 73104
(405) 822-8504
jboozerlawyer@gmail.com
**COUNSEL FOR PLAINTIFF**