**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ZACH SABUS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAWNEE COUNTY BOARD OF COUNTY )<br>COMMISSIONERS, et al., )<br>)<br>Defendants. ) | Case No. CIV-21-846-J |

**ORDER**

Before the Court is the motion to dismiss of Defendant Jim Meeks (Meeks) [Doc. No. 27]. Plaintiff has filed his response, and Meeks has filed his reply.

**I.   Background**

On September 27, 2021, Plaintiff filed an Amended Complaint, alleging violations of his First and Fourth Amendment rights pursuant to 42 U.S.C. § 1983, as well as pendant state law claims for false arrest and intentional infliction of emotional distress. Plaintiff's claims arise out of his arrest as part of an investigation conducted by Meeks into a group of men who were suspected of soliciting sexual contact with a minor and/or exchanging lewd images with a minor. Plaintiff seeks damages for loss of reputation, economic loss, emotional distress, and punitive damages. Meeks has moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims against him for failure to state a claim.

**II.   Standard for Dismissal under Rule 12(b)(6)**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the non-moving party. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). To avoid dismissal, the complaint

must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted).

### III.    Analysis

#### A.    Section 1983 claims

Plaintiff alleges the following § 1983 claims against all Defendants: (1) unlawful discrimination and violation of expression, speech, and privacy; (2) unlawful arrest and imprisonment; and (3) search, seizure, and due process violations.

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins v. Okla.*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). Further, the burden rests on Plaintiff "to provide fair notice of the grounds for the claims made against each of the defendants." *Id.* at 1250. When a plaintiff uses the collective term "defendants" with no distinction as to what acts were committed by whom, it is impossible for each defendant to know what particular unconstitutional acts he is alleged to have committed. *See id.*

2

end

In his Amended Complaint, Plaintiff solely uses the collective term "defendants" in relation to his unlawful discrimination and violation of expression, speech, and privacy claim. There are no specific factual allegations that reference any alleged conduct by Meeks in relation to this claim. As a result, Plaintiff has failed to sufficiently allege facts to support a claim against Meeks for unlawful discrimination and violation of expression, speech, and privacy. The Court, therefore, concludes that this claim should be dismissed.

Plaintiff's § 1983 claims for unlawful arrest and imprisonment and search, seizure, and due process violations are premised upon Plaintiff's contention that Meeks lacked probable cause to arrest him on February 15, 2020. Plaintiff alleges "[t]he arrest, search, and detention of [him] without evidence of his knowledge that the individual was a minor was unreasonable." Amended Complaint [Doc. No. 3] at 6.[1] Plaintiff further alleges that Meeks was aware of a specific exchange between Plaintiff and the minor which vitiated probable cause to arrest. *Id.* at 4.[2]

"Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Mocek v. City of Albuquerque*, 813 F.3d 912, 925 (10th Cir. 2015) (internal quotations and citation omitted). "The constitutionality of an arrest does not depend on the arresting officer's state of mind." *Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 (10th Cir. 2006). Further, probable cause "does not

---

[1] Plaintiff does not allege that he did not exchange lewd messages and/or pictures with the minor. Plaintiff only alleges he did not know that the individual was a minor.

[2] The following is the conversation at issue:
　　Sabus:　　"are you really 18"
　　Individual:　　"Maybe why"
　　Sabus:　　"I don't want to be a pedophile"
　　Individual:　　"don't worry you won't be"
　　Sabus:　　"Gud!"
Amended Complaint at 4.

require the same type of specific evidence of each element of the offense as would be needed to support a conviction," *Adams v. Williams*, 407 U.S. 143, 149 (1972), and does not require the suspect to be more likely guilty than not. *See Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014).

Having carefully reviewed the Amended Complaint, and accepting all well-pleaded factual allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds Plaintiff has not alleged sufficient factual allegations to show that Meeks did not have probable cause to arrest him. While it is unclear whether all of the crimes for which Plaintiff was arrested contain a scienter element as to the minor's age, even assuming they do contain this element, the factual allegations set forth in the Amended Complaint show that it was reasonable for Meeks to believe that Sabus had doubt as to the minor's age, which would be sufficient to serve as probable cause as to any scienter element. Accordingly, the Court concludes that Plaintiff has failed to state § 1983 claims for unlawful arrest and imprisonment and search, seizure, and due process violations.

### B.     State law claims

In his response to Meeks' motion to dismiss, Plaintiff states that his state law claims are asserted against Pawnee County as an entity and not against the individual defendants and that he does not object to the dismissal of those claims against Meeks. Accordingly, Plaintiff's state law claims will be dismissed as to Meeks.

**IV.     Conclusion**

For the reasons set forth above, the Court GRANTS Meeks' Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 27] and DISMISSES Plaintiff's claims against Meeks.

IT IS SO ORDERED this 25th day of April, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE